DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **ALFRED LEVITT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 3:22-cv-0055 |
| v. ) | |
| ) | |
| **STEPHEN INDELICATO and JENNILEE** ) | |
| **BETH ROBINSON,** *in personam*, **and M/V** ) | |
| **ST. SOMEWHERE***, in rem*, ) | |
| ) | |
| **Defendants** ) | |

## ORDER

**BEFORE THE COURT** is Plaintiff Alfred Levitt's *Ex Parte* Application for a Temporary Restraining Order. (ECF No. 7.) For the reasons stated below, the application is denied.

On August 15, 2022, Plaintiff Alfred Levitt ("Levitt") filed his complaint, *pro se*, against Stephen Indelicato and Jennillee Beth Robinson, *in personam*, and M/V St. Somewhere*, in rem*, (collectively "Defendants") alleging claims for breach of contract, *quantum meruit*, and unjust enrichment. (ECF No. 1.) On September 13, 2022, Levitt filed the instant application for a temporary restraining order ("TRO"). (ECF No. 7.) In his application, Levitt alleges that on Monday September 12, 2022, Indelicato and "two of his friends" boarded the M/V St. Somewhere without consent, where Levitt is currently housed, and "violently caused [Levitt] physical injuries forcing [Levitt] to leave the vessel bleeding and bruised." *Id.* at 2. Levitt further alleges that the individuals involved "stated their intention to tow [the vessel] to Crown Bay Marina and dump off all items belonging to [Levitt]." *Id.* Levitt requests that the Court issue a TRO to prevent Defendants and their agents from "boarding or occupying" the M/V St. Somewhere. *Id.* at 1. Levitt argues that such relief is necessary "to maintain the status quo" and to "preserve evidence and physical safety." *Id.* at 3. The application was filed *ex parte*.

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. *See* Fed. R. Civ. P. 65. Courts apply a four-factor test when considering whether to grant preliminary relief. *See Hope v. Warden York Cty. Prison*, 972 F.3d 310, 319-20 (3d Cir. 2020). Specifically, a movant must demonstrate:

*Levitt v. Indelicato et al.*
Case No. 3:22-cv-0055
Order
Page 2 of 2

> (1) that they are reasonably likely to prevail eventually in the litigation and (2) that they are likely to suffer irreparable injury without relief. If these two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [defendants] more than denying relief would harm the plaintiffs and (4) whether granting relief would serve the public interest.

*Id.* at 319–20 (citing *K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013)).

However, under Rule 65(b), a court may issue a TRO without notice to the adverse party only if the moving party provides "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why notice should not be required." Fed. R. Civ. P. 65(b). Great care must be taken prior to granting a TRO without notice. "As the Supreme Court has observed, 'our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted [to] both sides of a dispute.'" *Hope*, 972 F.3d at 320 (quoting *Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160 (3d Cir. 2020)); *see also Phillips v. Charles Schreiner Bank,* 894 F.2d 127, 131 (5th Cir.1990) (finding that the notice requirement "is more than a mere procedural formality").

Levitt, proceeding *pro se*, has failed to certify in writing what efforts, if any, have been made to give notice of the motion to Defendants. Attached to the motion are two summonses addressed to Indelicato and Robinson, respectively. However, the summonses are unsigned and otherwise bear no evidence of any attempt of service. Levitt similarly has not asserted any argument as to why notice should not be required. Granting a TRO at this juncture is not appropriate.

Accordingly, it is hereby

**ORDERED** that Alfred Levitt's *Ex Parte* Application for a Temporary Restraining Order, ECF No. 7, is **DENIED**.

**Dated:** September 21, 2022     */s/Robert A. Molloy*
                                                               **ROBERT A. MOLLOY**
                                                               **Chief Judge**